No. 6333.

## JAMES WALSH vs. ERNEST BLATTMAN, ET ALS.

### Syllabus.

1. Where two vehicles, traveling towards each other at a right angle, approach an intersection, the rights of each are equal, and accordingly each should exercise reasonable care to avoid injury to the other.

2. Where, in such case, a collision occurs through the joint or combined negligence of both parties, no right of action accrues for the injuries sustained.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 106,557. Honorable T. C. W. Ellis, Judge.

Florence Loeber, for plaintiff and appellant.

Daly & Echezabal, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

As plaintiff's motorcycle and defendant's automobile, traveling towards each other at a right angle, approached the intersection of Esplanade and Dorgenois Streets, it was apparently inevitable that they would collide unless one of the parties stopped or checked the speed of his vehicle in order to permit the other to pass.

Each of the parties saw or could have seen the approach of the other in ample time to halt or to check his speed and thus avoid an accident; but instead of doing so they both continued on their course, with the result that, although defendant swerved to the left in an effort to avert the accident, the vehicles in fact collided as the plaintiff was attempting to drive across the junction in front of defendant's car.

— 258 —

Upon these facts, which are uncontradicted, we are of opinion that the trial Court properly rejected plaintiff's claim for damages.

Where two persons approach each other at a crossing under the circumstances stated, the rights of each are equal and accordingly each should use reasonable care to avoid injury to the other. In the present instance each exhibited a total disregard of the rights of the other and neither made any timely effort to avoid injury to the other. The collision was due to their combined or joint negligence and consequently no right of action arises for the injuries sustained.

In fact were it necessary to determine the question of comparative negligence, we would be inclined to hold that plaintiff's conduct was the more reprehensible, since if the vehicle of plaintiff, who admits that he saw defendant approaching, was traveling at the slow speed that he claims, namely, about 3 miles an hour, he could the more readily have stopped to permit the passage of defendant's auto which, according to plaintiff's testimony, "was going mighty fast."

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, March 15, 1915.